**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,      )<br>               )<br>     Plaintiff,         )<br>               )<br>vs.            )<br>               )<br>               )<br>Vitan Vitanov,         )<br>               )<br>     Defendant.        )<br>_____) | CR 06-1025-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's motion to sever Counts 1-2 from Counts 3-5. The Government opposes severance. At the hearing on the motion, the Government advised everyone that it had obtained a superceding indictment on Defendant, which had not yet been filed into the record. The Government represented that the superceding indictment removed two of the five counts, but would not change the severance issue. Both counsel proceeded with oral argument on the premise that Defendant continued to seek to have any count(s) related to his alleged failure to assist with his removal and any count(s) related to him allegedly making false statements in his removal proceedings severed. The Court has now reviewed the superceding indictment and interprets Defendant's arguments as seeking to have Count 1 severed from Counts 2-3.

**Joinder and Severance**

> Rule 8(a) provides for joinder of offenses against a single defendant in the indictment if one of three conditions is satisfied. The offenses charged must be: (1) 'of the same or similar character;' (2) 'based on the same act or

> transaction;' or (3) 'connected with or constitut[ing] parts of a common scheme or plan.' Fed.R.Crim.P. 8(a).
>
> Rule 14 permits the district court to 'order separate trials of counts' at its discretion '[i]f the joinder of offenses ... in an indictment ... appears to prejudice a defendant.' Fed.R.Crim.P. 14(a). Thus, '[e]ven if joinder is permissible under Rule 8, a party who feels prejudiced by joinder may move to sever pursuant to [Rule] 14.' *United States v. Smith*, 795 F.2d 841, 850 (9th Cir.1986), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987).

*United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). In determining whether joinder under Rule 8 is appropriate, the Court looks to only the indictment. *Id.* at 572-73.

Thus, the Court must engage in two separate inquiries: 1. considering the indictment only, were these counts properly joined in the first instance, and, if yes, 2. should the properly joined counts nonetheless be severed based on prejudice.

**Joinder**

In this case, the Government argues that all of the offenses joined are part of a common scheme or plan. The common plan or scheme identified by the Government is Defendant attempting to "remain in the United States by any means necessary... ." Response at 4. Therefore, the Government argues that joinder is proper under Rule 8.

> We have not specifically defined the requisite nexus for a 'common scheme or plan'; because the words are self-defining, courts generally permit joinder under this test where the counts 'grow out of related transactions.' *See Randazzo*, 80 F.3d at 627. Stated another way, we ask whether '[c]ommission of one of the offenses [ ]either depended upon [ ]or necessarily led to the commission of the other; proof of the one act [ ]either constituted [ ]or depended upon proof of the other.' *United States v. Halper*, 590 F.2d 422, 429 (2d Cir.1978); *see also United States v. Anderson*, 642 F.2d 281, 284 (9th Cir.1981) ('When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate.') (citing *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir.1970)).

*Jawara*, 474 F.3d at 574.

In *Jawara*, the joined claims involved false statements in a petition for asylum/withholding of removal and conspiracy to commit marriage fraud. *Id.* at 570-71. Both of these actions were to circumvent United States' immigration laws. *Id.* In this case, Counts 3-5 involve making false statements in immigration documents. Indictment, pages

- 2 -

2-3. Counts 1-2 involve circumventing deportation or removal from the United States after the removal order issued. Indictment, pages 1-2.[1] Similar to *Jawara*, all behaviors in this case were in an effort to avoid removal from the United States.

Thus, the question is whether the joined counts in this case are part of a common plan or scheme. In *Jawara*, the Court held that the two courses taken to avoid immigration laws were not part of a common plan or scheme. Specifically, the Court held that there was no nexus between the two acts and that the acts occurred years apart in time. *Jawara*, 474 F.3d at 574.

In this case, the false statements were (allegedly) made in the years preceding the actions taken to avoid removal. Indictment, Counts 1-2 2004, Counts 3-5 2002; Superceding Indictment, Count 1 2006, Counts 2-3, 2002.[2] However, this case, unlike *Jawara*, represents an ongoing interaction with the Government. Thus, Defendant allegedly made his false statements, a removal order issued following the hearing that involved the false statements, and then Defendant refused to assist with carrying out the order that resulted from that hearing. Conversely, in *Jawara*, the defendant devised two separate and distinct plans for avoiding deportation, which were not part of an ongoing interaction with the Government. Thus, because all the counts in this case arise from the Government's ongoing case to remove Defendant from the United States, the Court finds that Defendant's alleged ongoing efforts to avoid removal in that same case, are part of a common plan or scheme. Therefore, joinder

---

[1] In the Superceding Indictment, Count 1 involves circumventing deportation or removal from the United States after the removal order issued, and Counts 2-3 involve making false statements in immigration documents.

[2] In his motion, Defendant states that the application was signed in March 2002, Defendant made a statement to an immigration officer regarding his asylum application in October 2003, and the immigration hearing where Defendant testified was January 2004. Motion at 4. All of these statements relate to Counts 3-5 of the Indictment; Counts 2-3 of the Superceding Indictment. In his motion, Defendant further states that his refusal to participate in his removal occurred in 2006. Motion at 5.

under Rule 8 was proper.

**Severance**

Next the Court must consider whether, even though joinder was proper, is severance still appropriate due to prejudice to the Defendant.

> Rule 14 recognizes that even when counts are properly joined under Rule 8(b), severance of the counts may be appropriate to avert prejudice to a defendant. Rule 14 sets a high standard for a showing of prejudice. The party seeking reversal of the denial of a motion to sever bears the burden of proving such "clear,' manifest,' or 'undue' prejudice from the joint trial, that [it] violates one of his substantive rights, so that the prejudice is of 'such a magnitude that the defendant was denied a fair trial." *Felix-Gutierrez*, 940 F.2d at 1209 (quoting *United States v. Conners*, 825 F.2d 1384, 1391 (9th Cir.1987)); *see also Cuozzo*, 962 F.2d at 950.

*United States v. Vasquez-Valsco*, 15 F.3d 833, 845-46 (9th Cir. 1994); *see also United States v. Quezada*, 1995 WL 507064 (N.D. Cal. 1995) ("Under Rule 14, the burden is upon the defendant to prove clear, manifest or undue prejudice in a joint trial. ... Thus, defendant must show that a joint trial would violate 'one of his substantive rights, so that the prejudice is of 'such magnitude that the defendant was denied a fair trial.' ' " (internal citations omitted)).

In this case, Defendant alleges prejudice in the following way: the allegedly false statements that were made in 2002, 2003 and 2004 that are the subject of Counts 3-5 (now Counts 2-3) would not be admissible in a trial of only Counts 1-2 (now Count 1). Motion at 5. Having reviewed the Motion and the Reply and having considered the arguments at oral argument, the admission of these statements is the only prejudice alleged by the Defendant. The Court does not find the admission of these additional statements violates Defendants substantive rights.[3] This is particularly true given that Defendant has also said that he intends to admit, "that there is a valid deportation order pending and that he has refused to sign papers to obtain travel documents." Reply at 5. Additionally, at oral argument the Government argued that because the allegedly false statement on the asylum application is

---

[3] In reviewing the superceding indictment, it appears there is only one false statement alleged, which is the date of Defendant's entry into the United States. Defendant claims the date given is accurate.

intertwined with Defendant's duress defense on the failure to participate in removal, even if the trials were severed, the statements would be admissible in both cases. Thus, certainly if the statements would be admissible in both trials, judicial efficiency and economy would weigh in favor of a joint trial. Therefore, the Court does not find that these statements will unduly prejudice the trial of Counts 1-2 (now only Count 1) such that severance under Rule 14 is necessary.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Sever Counts (Doc. #32) is denied.

DATED this 10th day of May, 2007.

_____
James A. Teilborg
United States District Judge