**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 06-1025-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Vitan Vitanov, | ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant's motion to dismiss Counts 2 and 3 of the superceding indictment as barred by the statute of limitations.

**Law**

The parties do not appear to dispute the law relevant to Defendant's motion to dismiss. First, it appears that the Government agrees that the superceding indictment was filed after the statute of limitations had expired. Second, it appears that the Government agrees that the only way it can proceed based on the superceding indictment is if the superceding indictment can relate back to the original indictment. Third, Defendant does not dispute that relation back, without broadening, is the relevant inquiry. Further, Defendant does not dispute that if the superceding indictment relates back to the filing date of the original indictment, there is no statute of limitations violation in this case. Specifically,

> Once an indictment is returned the statute of limitations is tolled as to the charges contained in the indictment. *United States v. Wilsey*, 458 F.2d 11, 12 (9th Cir. 1972). A superseding indictment returned while the first indictment

> is pending is timely unless it 'broaden[s] or substantially amend [s]' the charges in the original indictment. *United States v. Grady*, 544 F.2d 598, 602 (2d Cir. 1976). *See also United States v. Friedman,* 649 F.2d 199, 203-04 (3d Cir. 1981); *United States v. Charnay,* 537 F.2d 341, 354 (9th Cir.), *cert. denied,* 429 U.S. 1000 (1976). To determine whether the superseding indictment impermissibly changed the charges in the original indictment it is necessary to examine the two indictments carefully. *Charnay,* 537 F.2d at 354; *see also Mende v. United States,* 282 F.2d 881, 883 (9th Cir.1960), *cert. denied,* 364 U.S. 933 (1961).

*U.S. v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 778-79 (9th Cir. 1986).

**Facts**

The facts, as relevant to the motion to dismiss, are that the original indictment charged the Defendant with making a false statement of material fact on an immigration document ("Application"). Specifically, the false statement alleged was "that he last entered the United States on March 24, 2001." In the superceding indictment, Defendant is still charged with making a false statement of material fact on an immigration document. Specifically, in the superceding indictment, the false statement alleged is "that he entered the United States for the first time on March 24, 2001." Thus, the question is whether changing the allegation from <u>the last time</u> he entered the United States to <u>the first time</u> he entered the United States broadens or substantially amends the charges.

Changing the charge from the last time to the first time means that the Government is now alleging that Defendant answered a different question falsely on his Application in the superceding indictment as compared to the original indictment. The original indictment charged Defendant with making a false statement in answering question 18(b) of the Application. Question 18(b) asks "When did you last enter the U.S.?" Defendant answered March 24, 2001. Thus, when the original indictment charged that the false statement was that March 24, 2001 was the last time Defendant entered the United States, the indictment implied that Defendant again entered the United States after March 24, 2001. The superceding indictment no longer charges that question 18(b) was answered falsely.

Instead, the superceding indictment charges that question 18(g) was answered falsely.

1  Question 18(g) asks, "Have you previously entered the U.S.?"[1] Defendant answered no to
2  this question. The charge in the superceding indictment is now that this no answer to
3  question 18(g) was false, implying that Defendant had entered the United States another time
4  before March 24, 2001.

5      In the *Sears* case, the Court of Appeals found that the changes in a superceding
6  indictment related back to the original indictment. 785 F.2d at 779. The Court found that
7  both indictments involved twelve substantive violations and that both indictments were based
8  on the same conduct. *Id.* In the superceding indictment, the statute under which the charges
9  were brought changed . *Id.* Also, in the superceding indictment within the conspiracy charge
10 a parenthetical reference to dumping duties was added. *Id.* The reason the addition of the
11 parenthetical reference to dumping duties did not constitute a substantive change to the
12 indictment was because the, "factual allegations in [the] superceding indictment did not
13 change although some additional details were added." *Id.* citing *Friedman*, 649 F.2d at 204.

14     In this case, Defendant argues that the factual allegations changed. The Government
15 argues the factual allegations are the same because they all relate to question 18 of the
16 Application. Specifically, the Government argues that Defendant has always been charged
17 with making a false statement on his Application. The Court disagrees with the Government
18 to the extent that the original indictment in this case did not make a broad false statement
19 charge. The original indictment made a specific false statement charge. Therefore, changing
20 which statement within the total of the Application is false changed the factual allegations,
21 rather than adding detail.

22     Because the Court finds that the factual allegations within counts 2 and 3 have been
23 changed, the Court agrees with Defendant that the indictment has been "substantially
24 amended." *See Sears*, 785 F.2d at 778-79. Therefore, the Court finds that counts 2 and 3 of

---

[1] Presumably, "previously" refers to an entry before the March 24, 2001 entry admitted in question 18(b).

- 3 -

the superceding indictment do not relate back to the original indictment and are, as a result, barred by the statute of limitations.

Based on the foregoing,

**IT IS ORDERED** that Defendant's motion to dismiss counts 2 and 3 of the superceding indictment for a statute of limitations violation (Doc. #49) is granted.

DATED this 18th day of June, 2007.

_____
James A. Teilborg
United States District Judge

- 4 -